McCauley, J.
The first question presented in the case is, upon what ground does a liability exist against either or both the defendants. The interest of an adjacent land owner in a street is so well defined in this state that nothing need be said about it further than to refer to the cases in which it has been defined. Bingham v. Doane, 9 Ohio, 168; Crawford v. The Village of Delaware, 7 Ohio St., 459; Railway v. Cumminsville, 14 Id., 523; Railway v. Lawrence, 38 Id., 41. The right to maintain the railroad track at the grade at which it was first laid could not have been' questioned at the" commencement of the action, by reason of lapse of time.
But the right to use the street for the further purpose of supporting another track and thereby further encumbering and obstructing the street, and of maintaining a grade much *502 higher than the original grade was an invasion of the rights of the adjacent land owner, which when accomplished, must be followed by a liability for resulting injury.
This additional use of the street, by laying the new track and raising the grade from that at which it was first laid, is the ground of liability of the defendants. These new uses of the street, in the absence of any agreement with the adjacent land owner or of an appropriation of the right to so use the street, by a proceeding for that purpose, could not become complete until the same had been so used for the period of twenty-one years.
The action was against both companies, the lessor and lessee, and the verdict and judgment were against both. To sustain this judgment it is necessary to find in the case some ground of joint liability. No matter to what extent the defendants may be severally liable for anything either may have done or permitted, the judgment can not be sustained unless there is a joint liability.
The injury as shown by the proof is of two kinds, that resulting from overflows of water on the- premises of the plaintiff and damage consequent upon it and other injuries of a temporary kind, arid injury in its nature permanent, resulting mainly from a change of grade of the railroad, whereby the relative level of the property of the plaintiff and the railroad is broken up and destroyed, and permanent changes in the buildings and improvements of the plaintiff are made necessary* and in consequence of all which his property has been permanently damaged.
This permanent change of grade was made between the years 1868 and 1870, and the most of it while the Little Miami Company operated the road. In December, 1869, the Little Miami Company leased its road to the Pittsburgh, Cincinnati & St. Louis Company in the condition which caused the injury to the property of the plaintiff, in which condition the latter company has continued to use the road to the present time. This is a state of facts which makes both companies liable for the permanent injury to the property of the plaintiff ’ which resulted from raising the *503 grade of the track. Raising the track to such an extent as to cause overflow of water upon adjacent premises, and throwing dirt upon the premises of plaintiff or requiring á retaining wall- to be built to prevent ground from the railroad from sliding down upon adjacent lands, is in the nature of a nuisance for which all persons áre liable who create cff continue the same.
Numerous cases are referred to by counsel for plaintiff in error involving the liability of lessor and lessee. But most of them are cases involving the separate liability of lessor and lessee. This case involves the joint liability of lessor and lessee, and this class of liability is very clearly applicable to a person who creates a nuisance jointly with him who continues it. Taylor’s Landlord & Tenant, § 175; Brown v. Woodworth, 2 Barb., 550; Swords v. Edgar, 59 N. Y., 28; Wood on the Law of Nuisance, 951 (2d ed.) ; Shearman & Redfield Neg., § 56; Cooley on Torts, 608-9.
The defendants below were therefore jointly liable for the permanent injury to the property of the plaintiff resulting from the change of grade. This liability was not limited to the injury of this kind after the lease. This injury from its nature could not be separated into that which accrued before the lease and that which accrued after it.
It accrued when the grade was raised, and continued as long as the raised grade was maintained, and all parties creating or continuing it are jointly liable for it. As to the temporary injury resulting from the raised track before the lease, the Little Miami Company alone would be liable for that. And this is so because the injury is not continuing in its nature, and having occurred before the lease, the lessee had no connection with it.' As to the temporary injury after the lease, both companies might be liable for it. If the lessor without right to do so, created that which at times caused damage, as by overflow of water or any injury merely temporary, and the lessee' continued the cause of such injury, both should be liable. The charge of the court on the trial below was correct, so far as the causes of damages were affected by limitation, that is, that for permanent *504 injury the limitation would be twenty-one years, the whole period during which the acts of the defendants in continuing the cause of such injury was without legal right. And that for temporary injury the plaintiff would be limited to ■four years before his action for the same. The only serious defect in the charge was the failure of the court to define clearly the kinds of damage for which the defendants were jointly liable. But no proper request to charge on that part of the case was made by defendants; and all the testi- ■ mony on the trial is in the record, from which it plainly • appears that there was sufficient evidence of joint liability ,to support the verdict. The verdict therefore being clearly ¡supported by the evidence and being a proper result from the case before the jury, it should not be set aside for the «■ere indefiniteness of the charge upon a material part of the ease.
Many other questions are made by counsel on both sides, .•all of which have been considered* but none • of them, we think, are of such consequence as to affect the result we ¡have arrived at; we therefore omit further mention of them.

Judgment affirmed.